## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 1999-CA-00657-SCT

*MARY MAXWELL*

*v.*

*JACKSON COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/1999 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOE SAM OWEN |
| | ROBERT P. MYERS, JR. |
| ATTORNEYS FOR APPELLEE: | GARY S. EVANS |
| | JACKYE L. CHAPMAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/05/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/26/2000 |

### EN BANC.

### SMITH, JUSTICE, FOR THE COURT:

¶1. On December 12, 1996, Mary Maxwell ("Maxwell") filed a complaint in the Jackson County Circuit Court against Jackson County, Mississippi, alleging she had fallen at the Jackson County Youth Court as "a proximate result of the negligence of Jackson County, its agents, servants, contractors and/or employees." After filing a timely answer, Jackson County in a motion for summary judgment, argued, inter alia, that Maxwell's claim was barred by the Mississippi Tort Claims Act, specifically Miss. Code Ann. § 11-46-9(1)(*l*) (Supp. 2000). Jackson County argued that pursuant to the statute, it was not liable to Maxwell because she was an employee of a governmental entity whose injury was covered by the workers' compensation law of this state by benefits furnished by the governmental entity by which she was employed, in this case, the State of Mississippi. The circuit court granted a dismissal pursuant to Miss. R. Civ. P. 41(b) on the grounds that Maxwell's claim was barred by the statute.

¶2. We affirm the circuit court's finding that, pursuant to Miss. Code Ann. §11-46-9(1)(*l*), Maxwell's claim was barred as against Jackson County, Mississippi.

### I.

¶3. On September 22, 1995, Maxwell was employed by the State of Mississippi as a Youth Services Counselor Trainee/Probation Officer at the Jackson County Youth Court Facility located in Jackson County, Mississippi. While working on the premises of the Youth Court Facility, Maxwell slipped and fell when she walked on wet carpet that had been steam cleaned that morning by maintenance employees of Jackson County. Maxwell alleges that there were no warning signs present in the area where she fell.

Maxwell also claims that maintenance employees of Jackson County failed to warn her of the dangerous condition which ultimately caused her to slip and fall. As a result of her fall, Maxwell sustained injuries to her left arm and back.

¶4. At the time of the accident Maxwell was acting within the course and scope of her employment and consequently, her injuries and resulting medical bills were covered by the workers' compensation laws of Mississippi. Maxwell received medical and wage benefits on behalf of her employer, the State of Mississippi.

¶5. At the time of the accident, Jackson County had in effect a liability insurance policy which provided coverage for the subject accident. The policy limit was $1,000,000 for premises liability occurrences. On December 12, 1996, Maxwell initiated this litigation against Jackson County essentially alleging a premises liability cause of action. After Maxwell presented her case in chief in a non-jury trial on March 29, 1999, Circuit Judge Dale Harkey granted Jackson County's Rule 41(b) motion to dismiss. Maxwell now appeals from that dismissal.

## II.

¶6. In considering a Rule 41(b) motion to dismiss, the judge should consider "the evidence fairly, as distinguished from in the light most favorable to the plaintiff," and the judge should dismiss the case if it would find for the defendant. *Century 21 Deep S. Properties, Ltd. v. Corson*, 612 So.2d 359, 369 (Miss.1992). "The court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiff's evidence were all the evidence offered in the case." *Id.* (citations omitted). "This Court applies the substantial evidence/manifest error standards to an appeal of a grant or denial of a motion to dismiss pursuant to M.R.C.P. 41(b)."*Id*. (citations omitted).

## III.

### 1. WHETHER THE SOVEREIGN IMMUNITY PROTECTIONS OF MISS. CODE ANN. §11-46-9 ARE WAIVED WHEN A GOVERNMENTAL ENTITY PURCHASES LIABILITY INSURANCE IN EXCESS OF THE LIMITS IMPOSED BY MISS. CODE ANN. §11-46-15.

¶7. In dismissing Maxwell's action, the circuit court held that the existence of insurance coverage for the claim presented had no impact on the exemptions from the waiver of sovereign immunity provided under Miss. Code Ann. §11-46-9. In other words, the circuit court ruled that it did not matter that Jackson County had liability insurance coverage for Maxwell's claim because it was still barred by virtue of Miss. Code Ann. §11-46-9.

¶8. Maxwell argues that regardless of whether Miss. Code Ann. §11-46-9 provides an exemption from the waiver of sovereign immunity, a governmental entity waives such immunity if it has purchased liability insurance which provides coverage for the type of injury sustained. Maxwell relies on a pre-MTCA case for the proposition that "liability insurance, to the extent it protects the public funds, removes the reason for, and thus immunity to, suit." *Churchill v. Pearl River Basin Dev. Dist.*, 619 So.2d 900, 905 (Miss. 1993). Maxwell asserts that the reasoning found in *Churchill* remains sound even after the adoption of the MTCA and is still consistent with the real purpose of the sovereign immunity doctrine. To the contrary, this case was superseded by statute as stated by this Court in *L.W. v. McComb Separate Municipal Sch.*

*Dist.*, 754 So.2d 1136, 1144-45 (Miss.1999). Specifically, we held that "Miss. Code Ann. §11-46-17(4) (Supp. 1998) allows for the purchase of insurance by a sovereign which then covers claims in excess of the amounts set by Miss. Code Ann. §11-46-15 (Supp. 1998) to the extent of the policy. This provision does not limit the exclusions or exemptions enumerated in §11-46-9." *L.W.,* 754 So.2d at 1144-45.

¶9. This Court recently reiterated its *L.W.* holding in *Leslie v. City of Biloxi*, 758 So. 2d 430 (Miss. 2000). In *Leslie*, the Court held that the City of Biloxi was immune from suit under Miss. Code Ann. §11-46-9(1)(*l*) and that the fact that the City had insurance to cover the incident did not waive such immunity. The Court, citing *L.W.*, stated, "[t]he existence of liability insurance is of no consequence to this action." *Leslie*, 758 So. 2d at 434.

¶10. We again reason that the purchase of insurance will not affect potential defenses under the statute, "otherwise, sovereigns would be unlikely to continue to purchase insurance if it had the effect of waiving all of their defenses under the MTCA-an undesirable and unintended result in this Court's view." *L.W.*, 754 So. 2d at 1144.

¶11. For these reasons, we hold that Jackson County has not waived the protections from liability claims which is afforded by the exemptions of Miss. Code Ann. §11-46-9. The circuit court was correct in granting Jackson County's motion to dismiss pursuant to the statutory exemption.

### 2. WHETHER MISS. CODE ANN. §11-46-9(1)(*l*) BARS MAXWELL'S CLAIM AGAINST JACKSON COUNTY.

¶12. Maxwell claims that at the time of the accident she was an employee of the State of Mississippi working under its exclusive supervision and control and not an employee of Jackson County. In essence, Maxwell argues that the application of Miss. Code Ann. §11-46-9(1)(*l*) is limited only to the governmental entity that employs the injured employee.

¶13. Maxwell suggests that a literal reading of Miss. Code Ann. §11-46-9(l)(*l*) indicates that only the governmental entity furnishing the workers' compensation benefits is immune from suit. Since Jackson County neither furnished Maxwell with workers' compensation benefits, nor employed Maxwell at the time of the accident, Maxwell asserts that "a governmental entity" referred to in the first paragraph of the statute is that governmental entity which furnishes workers' compensation benefits and not "any" governmental entity. Maxwell asserts that the exemption from waiver of sovereign immunity applies only to the governmental entity which furnishes the worker's compensation benefits; therefore, Jackson County would have no protection under the statute.

¶14. This conclusion is contrary to a plain reading of the statute and this Court's recent holding in *Leslie*. Miss. Code Ann. §11-46-9(1)(*l*) provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

> (*l*) of any claimant who is an employee of a governmental entity and whose injury is covered by the Worker's Compensation Law of this state by benefits furnished by the governmental entity by which he is employed.

The plain language of the statute states that the governmental entity will not be liable to <u>any</u> claimant who is

an employee of <u>a</u> governmental entity. Nothing in the statute suggests, as Maxwell argues, that the exemption applies only to the entity that provides the worker's compensation benefits.

¶15. In *Leslie*, Leslie, a Harrison County Deputy Sheriff, filed suit against the City of Biloxi and Campbell, an employee of the Biloxi Police Department, for injuries sustained by Leslie in an accident with Campbell. Both Leslie and Campbell were acting within the scope of their employment at the time of the accident. Leslie received worker's compensation benefits from Harrison County. This Court affirmed the circuit court's grant of summary judgment to Biloxi and Campbell, stating that the claim was barred under Miss. Code Ann. §11-46-9(1)(*l*). 758 So. 2d at 434. Maxwell's argument that the statute is limited only to the governmental entity that employs the injured employee is similar to the dissent in *Leslie*. This argument was duly rejected by the Court at that time and is likewise rejected in the case at hand.

¶16. The holdings of *L.W.* and *Leslie* are clearly applicable in this case. For these reasons, Miss. Code Ann. §11-46-9(1)(*l*) bars Maxwell's claim, and the judgment of the circuit court is affirmed.

¶17. **AFFIRMED.**

> **PRATHER, C.J., PITTMAN, P.J., MILLS, WALLER AND COBB, JJ., CONCUR. BANKS, P.J., CONCURS IN RESULT ONLY. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J.**
>
> **McRAE, JUSTICE, DISSENTING:**

¶18. The majority again declines to hold that, by purchasing insurance, a public entity waives its defense of sovereign immunity to the extent of the policy limits. With its opinion in the present case, the majority purports to encourage the state subdivisions to become insured while removing the impetus to do so. Simultaneously, the majority frustrates the purpose of purchasing liability insurance, which is to indemnify the insured against liability. There is no reason to indemnify an immune tortfeasor.

¶19. Mary Maxwell was injured while at work, allegedly as a result of Jackson County's negligence. Today the majority rules that she cannot hold her tortfeasor liable for its negligence, a right enjoyed by those injured by private-sector actors and guaranteed by Article 3, Section 24 of the Mississippi Constitution. In doing so, the majority denies her the benefit of a liability insurance policy purchased by her tortfeasor, Jackson County. Accordingly, I dissent.

¶20. The language of the Tort Claims Act does not preclude political subdivisions from suing each other. If the negligence of one political entity causes an on-the-job injury to an employee of another political entity, the employer entity could then sue the tortfeasor entity to recover workers' compensation benefits paid to the injured employee. If the political subdivisions can sue one another, a unique and exclusive class would then be created by not allowing the injured employee to also bring suit.

¶21. In other words, while a victimized government employee cannot seek restitution from another governmental entity that negligently caused her injury, the victim's employer would be able to bring suit to reclaim the workers' compensation benefits. Under this paradigm, everyone is made whole except the innocent victim, who is punished because she was injured by another government entity and its employees.

¶22. Providing a remedy at law for the government while denying that right to its employees, when both are aggrieved by the same event, does not comport with the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution, nor with Article 3, Section 24 of the Mississippi Constitution, which provides an open court and a remedy by due course of law for every injury. U.S. Const. Amend. XIV, § 1; Miss. Const. Art. 3, § 24.

¶23. Furthermore, from a reading of the statutory scheme as a whole, it is clear that the Tort Claims Act was intended to partially waive sovereign immunity in order to provide for **additional** civil remedies, not to limit the civil remedies that were already in existence at the time the Act was passed. When read by itself, § 11-46-9(1)(*l*) appears to bar all lawsuits brought by any government employees who are receiving workers' compensation benefits against the governmental entity providing the benefits. However, this code section must be interpreted in light of the statutory scheme as a whole, not as an independent dictate. *Lee v. Alexander*, 607 So.2d 30, 36 (Miss. 1992)(citing *Pearl River Valley Water Supply Dist. v. Hinds County*, 445 So.2d 1330 (Miss. 1984)). This section simply complies with the Workers' Compensation Act. It does not preclude an employee from suing another public entity. She is only precluded from suing her own employer that has provided workers' compensation coverage.

¶24. When the Tort Claims Act was passed in 1993, the Legislature also passed the Tort Claims Fund to pay for the increased number of lawsuits anticipated by the Act. Miss. Code Ann. § 11-46-17. Section three of this statute requires all political subdivisions to become insured against all risks of claims and lawsuits for which the entity may be liable. Miss. Code Ann. § 11-46-17(3). Section 4 of this provision states the following:

> Any governmental entity of the state may purchase liability insurance to cover claims in excess of the amounts provided for in Section 11-46-15 and **may be sued by <u>anyone</u> in excess of the amounts provided for in Section 11-46-15 to the extent of such excess insurance carried**; provided, however, that the **immunity** from suit above the amounts provided for in Section 11-46-15 **shall be waived only to the extent of such excess liability carried**.

Miss. Code Ann. § 11-46-17(4). (emphasis added).

¶25. By 1993, when the Mississippi Tort Claims Act was passed, this Court had consistently held that a governmental entity waives sovereign immunity up to the limits of the policy when it purchases liability insurance. The Act created additional waivers of immunity, and created a fund to pay for the additional liability anticipated by the Act.

¶26. Furthermore, the Act required all political entities to purchase insurance sufficient to cover "all risks of claims or suits for which political subdivisions may be liable." Miss. Code Ann. § 11-46-17(3). In passing the Act, the legislature created civil remedies, created a fund to pay for judgments against the state, required insurance to pay claims, and expressly authorized the entities to purchase insurance above the liability limits established by the Act.

¶27. Today this Court holds that, by enacting the aforementioned measures, the legislature actually intended to *limit* the civil remedies available to those injured by governmental tortfeasors. This holding defies logic, sound reasoning, and the clear intention of the legislature when it passed the Mississippi Tort Claims Act. When a political entity is insured against liability, sovereign immunity should be waived to the extent of the insurance coverage.

¶28. Citing *L.W. v. McComb Separate Municipal Sch. Dist.*, 754 So.2d 1136, 1144 (Miss. 1999), this

Court again holds that even insured governmental tortfeasors are immune from suits by their victims. The majority justifies this inequity with the following statement: "Otherwise, sovereigns would be unlikely to continue to purchase insurance if it had the effect of waiving all of their defenses under the MTCA - an undesirable and unintended result in this Court's view." *Id.*

¶29. Ironically, the majority's opinion in this case may bring about the very evil that it intends to avoid by removing any incentive for procuring insurance. With the risk of liability removed, a political subdivision may no longer be required to obtain insurance under Miss. Code Ann. § 11-46-17(3). That statute requires all political subdivisions to obtain such insurance as is "necessary to cover **all risks of claims and suits for which political subdivisions may be liable under this chapter**." (emphasis added).

¶30. Therefore, sovereigns may be *less* likely to continue to purchase insurance if they are immunized from liability by this Court. Under the holding of the majority, governmental entities would be bound to remain insured by neither prudence, nor § 11-46-17(3). This would indeed be "an undesirable and unintended result" in my view.

¶31. It is beyond reason to assert that the legislature has expressly required governmental entities to purchase insurance, while at the same time barring the use of those policies to compensate those who are injured because of the entity's negligence. Who is the majority protecting here? Surely not private insurance companies. The state government and the public must not be jeopardized by the tortious actions of state employees.

¶32. However, this Court has acknowledged that the need to protect the public's funds is non-existent where the governmental entity is insured against liability. In such a situation, the public is no longer at risk because the risk of loss has been transferred from the state to an insurance company. This transference of risk is the value that the state should receive in return for the premiums that it pays for the insurance.

¶33. Under the majority's view, the risk of being sued by its victims is not transferred from the state to the insurance companies. Essentially, the insurer benefits from the insured's sovereign immunity. In return, the state gets diminished coverage because it pays for liability insurance that can never be used to compensate the injured. This amounts to a delegation of immunity, which is rightfully vested only in the state. This Court acknowledged as much in 1993 when it held that "where a political subdivision has insured itself in tort liability, no justification exists for insulating the insurance carrier from a claim under the Doctrine of Sovereign Immunity." *Churchill v. Pearl River Basin Dev. Dist.*, 619 So.2d 900, 905 (Miss. 1993).

¶34. The majority, however, holds that insurance companies may be vicariously immunized from the state by selling insurance policies to political entities that have been declared immune by this Court. When a public entity is insured against the type of event giving rise to injury, the only party benefitting from immunity is the insurance company, not the state, not the public, and certainly not the injured party.

¶35. For these reasons, Mary Maxwell should be entitled to her day in court, the judgment of the circuit court should be reversed, and this case remanded for a trial on the merits. Accordingly, I dissent.

**DIAZ, J., JOINS THIS OPINION.**